UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHARLES E. ANDERSON, Trustee of behalf of the PAINTERS' DISTRICT COUNCIL NO. 30 PENSION FUND, et al., <br><br> Plaintiffs, <br><br> v. <br><br> NEW IMAGE PAINTING AND DECORATING, INC., <br><br> Defendant. | 07 C 4049 <br><br> Hon. Charles R. Norgle |

## OPINION AND ORDER

CHARLES R. NORGLE, District Judge

Before the court is Defendant's Motion to Vacate Default Pursuant to Rule 60 and for Time to Answer or Otherwise Plead. For the following reasons, the Motion is denied.

## I. BACKGROUND

### A. Facts

Plaintiffs allege the following facts in their First Amended Complaint. The Painters' District Council No. 30 Pension Fund, the Painters' District Council No. 30 Health and Welfare Fund, the Northern Illinois Painters, Decorators and Drywall Finishers Joint Apprenticeship and Training Funds, and the Northern Illinois Painting and Drywall Institute (the "Funds") are employee benefit trusts and/or plans within the meaning of the Employee Retirement Income Security Act ("ERISA"). Plaintiffs Charles E. Anderson and Donald Steadman are fiduciaries and trustees of one or more of the Funds. Plaintiff Painters' District Council No. 30 of the International Union of Painters and Allied Trades, AFL-CIO (the "Union") is a labor

1

organization. Defendant New Image Painting and Decorating, Inc. ("New Image") is an Illinois corporation and an employer as defined by ERISA.

The Funds are third-party beneficiaries of a collective bargaining agreement (the "CBA") entered into between various employers, including New Image, and the Union. The CBA provides, *inter alia*, that the employers must make contributions to the Funds, and comply with the Funds' Trust Agreements. The CBA and the Trust Agreements also require the employers to periodically submit reports outlining their contributions to the Funds. Plaintiffs allege that New Image breached the CBA and the Trust Agreements by, *inter alia*, failing to submit contribution reports and failing to make contributions to the Funds in 2007.

## B. Procedural History

On August 30, 2007, Plaintiffs filed their First Amended Complaint (the "Complaint"). Plaintiffs served the Summons and Complaint on New Image's registered agent on September 15, 2007, giving New Image twenty days in which to file an answer. See FRCP 12(a)(1)(A)(i). New Image neither appeared nor answered, however, and Plaintiffs moved for default on October 31, 2007. The court granted Plaintiffs' Motion for Default on November 19, 2007, and entered an Order of default judgment that same day.

Ten days later, New Image finally appeared by way of counsel. The court notes that corporations "may appear in federal court only by an attorney." United States v. Tri-No Enterprises, Inc., 819 F.2d 154, 159 (7th Cir. 1987) (citing Strong Delivery Ministry Ass'n v. Bd. of Appeals of Cook County, 543 F.2d 32 (7th Cir. 1976)); see also Casio Computer Co. v. Noren, 35 Fed. Appx. 247, 249 (7thCir. 2002) (a corporate defendant not represented by council has not

2

appeared, and is subject to default). New Image then filed the instant motion to Vacate Default pursuant to FRCP 60(b). That Motion is fully briefed and before the court.

## II. DISCUSSION

### A. Standard of Review

The Seventh Circuit has indicated that motions to vacate default judgments may properly be brought under either FRCP 55(c) or 60(b). Jones v. Phipps, 39 F.3d 158, 162 (7th Cir. 1994). Motions to vacate default judgments are adjudicated using a three-part test. The moving party must show: "(1) 'good cause' for the default; (2) quick action to correct the default; and (3) the existence of a meritorious defense to the original complaint." Id.; Pretzel & Stouffer v. Imperial Adjusters, 28 F.3d 42, 45 (7th Cir. 1994); Passarella v. Hilton Int'l Co., 810 F.2d 674, 675 (7th Cir. 1987). The Seventh Circuit instructs district courts to interpret this test "in light of the language of Rule 60(b)(1) which . . . establishes a high hurdle for parties seeking to avoid default judgments and requires something more compelling than ordinary lapses of diligence or simple neglect to justify disturbing a default judgment." Jones, 39 F.3d at 162.

### B. New Image's Motion to Vacate Default

Plaintiffs' Motion for Default contained the following assertions. First, Plaintiffs asserted that New Image's registered agent was served with a copy of the Summons and Complaint on September 15, 2007. Plaintiffs provided an Affidavit of Service and Alias Summons in support of this assertion. Plaintiffs further asserted that twenty days had passed since service, and that New Image had neither appeared, nor filed an answer or otherwise plead to the Complaint. The case docket clearly supports this assertion. Plaintiffs then asserted that an audit of New Image's books and records was completed, which revealed that New Image owed the Funds $48,375.87.

Plaintiffs also asserted that New Image owed the Union $2,431.36 in dues and other fees. Plaintiffs included Declarations and Exhibits in support of these assertions.

In its Motion to Vacate Default, New Image does not dispute that it was properly served with the Summons and Complaint or the Motion for Default. New Image merely asserts that it was "surprised" by the Motion for Default, and that its "neglect is excusable." Mot. to Vacate, ¶¶ 7-8. In its Reply brief on the Motion to Vacate, New Image concedes liability, and speculates that there may be "discrepancies between its records and the conclusions of the audit." Reply, at 2.

In its response to the Motion to Vacate, Plaintiffs assert that New Image's neglect of this case was inexcusable. After reviewing the record in this case, the court agrees. Plaintiffs properly served the Summons and Complaint on New Image on September 15, 2007. New Image did not appear, answer, or otherwise plead. Plaintiffs noticed their Motion for Default Judgment for presentment before the court on November 9, 2007. Plaintiffs mailed the Motion and Notice to New Image's registered agent on October 31, 2007, well within the timeframe specified by Local Rule 5.3(a)(2). New Image still did not appear. Plaintiffs presented the Motion in open court on November 9, 2007. New Image did not appear. Only after the court granted the Motion and entered a Default Judgment did New Image appear in this case. New Image has not presented the court with "good cause" for its default. See Jones, 39 F.3d at 162.

Moreover, New Image admits liability in this case, and merely speculates that there may be "discrepancies" between its books and the results of the audit. New Image has thus not established that it has a "meritorious defense to the []complaint." See id. In light of the Seventh Circuit's instruction to district courts that vacating a default judgment requires "something more

compelling than ordinary lapses of diligence or simple neglect," the court denies New Image's Motion to Vacate. See id.

### III. CONCLUSION

For the foregoing reasons, Defendant's Motion to Vacate Default Pursuant to Rule 60 and for Time to Answer or Otherwise Plead is denied.

IT IS SO ORDERED.

ENTER:

CHARLES RONALD NORGLE, Judge
United States District Court

DATED: April 11, 2008.